IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| JACK J. LOMBARDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No.  02-2180-CM |
| ) | |
| JOHN E. POTTER, POSTMASTER ) | |
| GENERAL, UNITED STATES POSTAL ) | |
| SERVICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's Motion for Reconsideration (Doc. 62).

**I.    Procedural Background**

On January 19, 2005, this court entered an Order and Judgment granting defendant's summary judgment motion (Docs. 60 and 61).  On February 4, 2005, plaintiff, acting pro se,[1] filed the instant Motion claiming that he is entitled to a jury trial and that the court should reverse its January 19, 2005 Order.  On February 11, 2005, plaintiff filed his Notice of Appeal to the Tenth Circuit Court of Appeals (Doc. 63).

**II.    Standard for Motion to Reconsider**

Pursuant to Local Rule 7.3, a party may file a motion asking a judge to reconsider an order made by that judge.  However, the local rule specifies that "[m]otions seeking reconsideration of dispositive orders or judgment must be filed pursuant to Fed. R. Civ. P. 59(e) or 60."  D. Kan. Rule 7.3(a).  Motions for

---

[1] Although Mr. Horak, plaintiff's court-appointed counsel, has notified plaintiff that he no longer represents plaintiff, Mr. Horak is still counsel of record in this case.

reconsideration "filed within ten days of the district court's entry of judgment . . . [are] treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e)." *Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). However, motions filed outside the ten-day time period set for Rule 59(e) motions are examined under Rule 60(b). *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997).

The court is without authority to extend the ten-day time period specified in Rule 59(e). *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1179 (10th Cir. 2000); Fed. R. Civ. P. 6(b); *see also Collard v. United States,* 10 F.3d 718, 719 (10th Cir. 1993) ("Rule 6(b) expressly prohibits a trial court from extending the time to file [a Rule 59(e)] motion."). Rule 59 provides no exception to the ten-day rule.

Rule 60(b) specifies that a motion pursuant to this rule "shall be made within a reasonable time." Considering the timing of filing, sixteen days after the court entered its Order (twelve days excluding Saturdays and Sundays), the court construes plaintiff's Motion for Reconsideration as a motion raised pursuant to Rule 60.

Rule 60 provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A district court has discretion to grant relief as justice requires under Rule 60(b). *Servants of Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000). However, such relief is

considered "extraordinary" and should "only be granted in exceptional circumstances." *Id.* "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds." *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991); *Loum v. Houston's Rests., Inc.*, 177 F.R.D. 670, 671-72 (D. Kan. 1998). The court may not grant a Rule 60 motion where no basis for relief is provided. *See Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 580 (10th Cir. 1996) (noting that granting a Rule 60 motion without a basis for relief would be an abuse of the court's discretion).

A Rule 60(b) motion triggers consideration of the established policy in favor of final judgments. *United States v. Johnson*, 934 F. Supp. 383, 385 (D. Kan. 1996). "Not a substitute for a direct appeal, a rule 60(b) motion addresses matters outside the issues on which the judgment was entered." *Nutter v. Wefald,* 885 F. Supp. 1445, 1450 (D. Kan. 1995) (citing *Brown v. McCormick,* 608 F.2d 410, 413 (10th Cir. 1979)). "It is not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Nutter,* 885 F. Supp. at 1450 (citing *Van Skiver,* 952 F.2d at 1243).

Even though plaintiff also has filed his notice of appeal, the court may consider the merits of plaintiff's Rule 60(b) motion. *See United States v. 397.51 Acres of Land, Etc.*, 692 F.2d 688, 693 (10th Cir. 1982) ("'In ordinary civil cases the rule is that after an appeal has been taken the district court retains jurisdiction to consider and deny a Rule 60(b) motion and, if it indicates that it will grant the motion, the movant may then ask the Court of Appeals to remand the case so that the district court may act.'" (quoting *Aune v. Reynders*, 344 F.2d 835, 841 (10th Cir. 1965))).

**III.   Discussion**

    **A.   Basis for Plaintiff's Motion**

In his Motion, plaintiff claims that he is entitled to a jury trial. Plaintiff also contends that he does not have the funds for a trial and that he did not have the required funds to take depositions during the discovery period in this case. Plaintiff also disputes written statements submitted by defendant's witnesses during the summary judgment process and has attacked the facts and legal conclusions that the court set forth in its

Order, claiming that defendant has documents that support plaintiff's position and that defendant inaccurately portrayed many of the facts that led to the court's Order. Plaintiff specifically argues that he needs to take depositions to rebut statements submitted by defendant during the summary judgment briefing. Plaintiff also contends that there are documents, which he has attached to his Motion, that he gave to defendant during the case and that contradict defendant's defense of the claims, but which the court did not have when it ruled on summary judgment.

Defendant points out that the court granted plaintiff's request for funds to take depositions at the pretrial conference in this case, however, plaintiff's counsel did not seek leave to reopen discovery and take depositions. Defendant characterizes plaintiff's arguments as an implicit request to reopen discovery so that plaintiff might take depositions. Defendant adamantly opposes re-opening discovery at this late stage in the case. The court agrees. Plaintiff and his counsel should have taken such action during the discovery phase of the case – even if that meant requesting an extension of the time to complete discovery.

Plaintiff's Motion essentially revisits the facts provided to the court at the summary judgment stage and provides the court no new evidence or arguments that were not available to plaintiff and his counsel at the time the court entered its January 19, 2005 Order. The court declines to revisit issues already addressed in its Order when plaintiff presents no newly available evidence and primarily expresses dissatisfaction with his counsel's representation and strategic decisions made during discovery. Moreover, plaintiff's blanket and unsupported assertions that defendant misrepresented the facts to the court and withheld documents from the court (to which plaintiff also had access and also did not provide the court) do not meet the standard for reconsideration under Rule 60(b).

In making its summary judgment ruling, the court took into account plaintiff's history with defendant and the fact that plaintiff had engaged in several EEO complaints during his years of employment with defendant; however, the court found that the admissible facts, on the claims that had been administratively exhausted and were properly before this court, did not create genuine issues of material fact that would preclude summary judgment on plaintiff's claims. Entry of summary judgment on plaintiff's claims does not violate plaintiff's rights to a jury trial where the court finds that there are no triable issues for a jury.

*Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001) (citing *Fid. & Deposit Co. v. United States*, 187 U.S. 315, 319-20 (1902)). Plaintiff's proper recourse for his disagreement with this court's decision is an appeal to the Tenth Circuit Court of Appeals, which plaintiff is currently pursuing.

### B.  Role of Plaintiff's Counsel

In his Motion, plaintiff also described several issues with his appointed counsel: (1) counsel told plaintiff that he was not allowed to depose witnesses, and so plaintiff did not take any depositions; (2) counsel was overwhelmed and had personal issues that took focus away from the case; (3) plaintiff made corrections to his deposition and gave them to his counsel, who apparently did not forward them to the court reporter or to defendant.[2] In sum, much of plaintiff's unhappiness with the outcome of this case seems to stem from disagreement with strategic decisions made by his counsel during the case.

Even though the court, at plaintiff's request, appointed counsel for plaintiff, plaintiff is not entitled to counsel in this type of civil proceeding. *Garramone v. Romo*, 94 F.3d 1446, 1449 (10th Cir. 1996) (litigants in civil cases have a presumed right to counsel only when loss of their physical liberty is at issue); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988) (there is no constitutional or statutory right to counsel in a civil case). Therefore, counsel's performance, even if it was ineffective, does not warrant reversal of the court's decision. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2004) (plaintiffs had no Sixth Amendment right to counsel in a civil case; thus, counsel's performance would not provide reason to reverse trial court's rulings).[3] Moreover, plaintiff's recourse for dissatisfaction with his

---

[2]Notably, there is no record of the corrections, and plaintiff has provided no copy of any changes he allegedly made.

[3]From correspondence that plaintiff provided to the court, it appears that Mr. Horak advised plaintiff that he had 30 days to appeal the court's ruling, but did not advise plaintiff of his right to file a motion pursuant to Rule 59(e) or Rule 60. Plaintiff filed the instant Motion, which the court has considered under Rule 60 because of the timing of its filing. However, even if plaintiff had timely filed a motion for reconsideration under Rule 59(e), plaintiff has not satisfied any of the three grounds for granting reconsideration under Rule 59(e): (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Marx v. Schnuck Markets, Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994); D. Kan. Rule 7.3 (listing three bases for

counsel, or for counsel's alleged ineffectiveness, is a malpractice action, if such is warranted. *See United States v. Wayt*, 44 Fed. Appx. 354, 355 n.1 (10th Cir. 2002) (citing *United States v. 817 N.E. 29th Drive, Wilton Manors, Fla.*, 175 F.3d 1304, 1311 n.14 (11th Cir. 1999)); *see also MacCuish*, 844 F.2d at 735-36.

Therefore, having considered plaintiff's Motion, the court finds that plaintiff has not demonstrated exceptional circumstances that satisfy any of the grounds for reconsideration under Rule 60(b).

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Reconsideration (Doc. 62) is denied.

**IT IS FURTHER ORDERED** that Mr. Horak shall file a motion to withdraw in accordance with Local Rule 83.5.5.

Dated this 13th day of May 2005, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**

---

reconsideration of order); *see also Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination.").